UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BANK OF AMERICA,

                                        Plaintiff,              **Hon. Hugh B. Scott**


                                                                **19CV674V**

                         v.                                     **Report
                                                                &
                                                                Recommendation**


TEMPAY LLC, TEMPAY, INC.,
AND LARRY HOLSTEIN,

                                        Defendants.
_____


        This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 21).  The instant matter before the Court is a series of motions surrounding

plaintiff's attempt to amend its Complaint to clearly allege claims against defendant Larry

Holstein.  First, defendant Holstein moved to dismiss the original Complaint (Docket No. 20).

Plaintiff was given until August 9, 2019, to respond, with defendant Holstein replying by

August 16, 2019 (Docket No. 22).

        Plaintiff, however, filed its Amended Complaint (Docket No. 23), which this Court

questioned regarding its timeliness as filed as a matter of course (Docket No. 25).  Parties were

to report on the timeliness of this filing by August 9, 2019 (id.).  Defendants filed responses

(Docket Nos. 26 (Holstein and TemPay, Inc.), 27 (TemPay LLC, adopting codefendants'

arguments)) arguing against the timeliness of the amendment.  Plaintiff then moved for an Order

either deeming the Amended Complaint timely or seeking leave to amend if Holstein's motion to dismiss the original Complaint is granted (Docket No. 28). Responses to plaintiff's motion (Docket No. 28) then were due by August 16, 2019, and reply due August 30, 2019 (Docket No. 29).

Defendants Holstein and TemPay, Inc., filed another motion to dismiss (Docket No. 30; see Docket No. 31), this time seeking to dismiss the **proposed** Amended Complaint. Since the status of that amended pleading was not yet determined, that motion to dismiss was premature (Docket No. 32). The motion and its moving papers (Docket Nos. 30, 31), however, addressed whether leave to amend is necessary and whether leave should be granted. Defendants' latest motion then was deemed a response to plaintiff's motion either deeming the Amended Complaint timely or for leave to amend (Docket No. 32). Plaintiff's motion will be deemed alternatively for leave to amend without regard to disposition of the original Complaint and Holstein's initial motion to dismiss.

The pending motions will be considered by this Court in this sequence: (1) Docket No. 28, plaintiff's motion regarding the Amended Complaint (Docket No. 23), including the timing of that amended pleading; (2) defendants Holstein and TemPay, Inc., motions to dismiss plaintiff's pleading (whether the original Complaint, Docket No. 20, or the Amended Complaint, Docket No. 30, depending upon action on Docket No. 28) (Docket No. 32). Responsive briefing was due by August 30, 2019, with replies by September 6, 2019 (Docket No. 32). Plaintiff filed its reply in support of finding its Amended Complaint to be timely or granting leave to amend (Docket No. 33). Defendants TemPay, Inc., and Holstein filed a reply memorandum of law

(Docket No. 34).  Upon review of moving and opposing papers, this Court determined that oral

argument was unnecessary and the motions were deemed submitted as of September 6, 2019.

Two initial points.  First, ordinarily, a motion for leave to amend the Complaint is

decided by this Court by an Order rather than issuance of a Report & Recommendation.  Motions

to amend pleadings are not dispositive, e.g., Rubin v. Valicenti Adv. Servs., Inc., 471 F. Supp. 2d

329, 333 (W.D.N.Y. 2007) (Larimer, J.); Palmer v. Monroe County Sheriff, 378 F. Supp. 2d 284,

288-89 (W.D.N.Y. 2005) (Siragusa, J) (collecting cases).  The motions here surrounding the

proposed amendment are linked to defense motions to dismiss which is a dispositive motion

under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(b).  Given this linkage,

all motions are considered here in the Report to Judge Lawrence Vilardo, see Buffalo Biodiesel,

Inc v. Schneiderman, No. 17CV154, 2017 U.S. Dist. LEXIS 144336, at *18 (W.D.N.Y. Sept. 5,

2017) (Scott, Mag. J.), adopted, 2017 U.S. Dist. LEXIS 159056 (W.D.N.Y. Sept. 27, 2017)

(Vilardo, J.).

Second, to distinguish the two corporate defendants, TemPay, LLC will be identified as

"LLC" and TemPay, Inc. will be identified as "INC."

## BACKGROUND

This is a diversity fraud action (plaintiff is a national banking association with its

principal place of business in North Carolina; defendant INC. is an Ohio corporation; LLC is a

New York Limited Liability Company formed in Erie County; and Holstein is an Ohio resident)

(Docket No. 1, Compl. ¶¶ 2-5; cf. Docket No. 23, [proposed] Am. Compl. ¶¶ 2-5).  This case

arises from an allegedly fraudulent transfer of all the assets of INC.  In June 2018, INC. sold all

3

of its assets to LLC, a shell company created allegedly to evade or delay payment of nearly $1,00,000 in claims held by plaintiff against INC.  (Docket No. 1, Compl. ¶ 1.)

In 2012, INC. was a victim of fraud and has an action pending against the perpetrator (id. ¶¶ 9-11).  In June of that year, INC. sued plaintiff in Florida state court for negligence, aiding and abetting fraud, and aiding and abetting a breach of fiduciary duty (id. ¶¶ 12-15).  Plaintiff considers this action "entirely baseless" but it languished in state court system (id. ¶ 16).  INC. rejected plaintiff's offer of judgment in the Florida case (id. ¶¶ 18-20).  Plaintiff moved for summary judgment dismissing the Florida case and eventually that motion was granted (id. ¶¶ 19, 25), with plaintiff incurring $500,000 in costs and legal fees in resisting INC.'s action (id. ¶¶ 21, 24).  Under Florida law, plaintiff was entitled to recover from INC. reasonable fees from January 13, 2015 (date of tender of offer of judgment), through April 29, 2016 (the entry of summary judgment) (id. ¶¶ 19, 26, 37) and plaintiff moved for those fees as sanctions (id. ¶¶ 27-28).  INC., however, resisted efforts to reduce this sanction to judgment, thus making plaintiff a creditor of INC. (id. ¶¶ 29-34).  On March 31, 2017, the Florida trial court entered an Order finding the offer of judgment was valid and enforceable and plaintiff was thus entitled to attorney's fees to be determined at a hearing (id. ¶ 36).

Plaintiff alleges that INC. began hiding its assets on March 17, 2017 (id. ¶ 38).  For on that date, LLC was registered as a Domestic Limited Liability Company in Erie County (id. ¶ 39).  One address for service for LLC was plaintiff's address in Ohio (id. ¶¶ 41-42).  Plaintiff claims that from March 2017 INC. and its counsel sought delay of plaintiff's fee motion (id. ¶¶ 44-47; cf. Docket No. 23 [proposed] Am. Compl. ¶¶ 44, 46-49).  While this case was pending, Florida law changed and plaintiff was entitled to recover under an additional provision of Florida

law; plaintiff then sought to increase its claim to cover under this new statute (Docket No. 1,

Compl. ¶¶ 48-52). INC. continued to delay resolution of this matter (id. ¶¶ 53-62). INC. and

Holstein used the stay in the Florida proceedings allegedly to dissipate all assets (id. ¶ 63). On

June 30, 2018, INC. sold all of its assets to LLC (id. ¶ 64). Holstein, the 100% owner of INC., is

also the president of LLC and the owner and member of LLC (id. ¶ 66). Plaintiff alleges that

"neither TemPay, INC. nor its counsel disclosed this transaction to [plaintiff] or the trial court

despite having numerous opportunities to do so" (id. ¶ 67; see also id. ¶ 73). In January 2019,

the Florida Supreme Court ruled in favor of plaintiff, effectively doubling the fee claim to

$1,000,000 in attorneys' fees (id. ¶¶ 68-69). Despite knowing that it sold its assets to LLC, INC.

continued to insist upon further state court proceedings which plaintiff now argues were sought

in bad faith (id. ¶¶ 72, 74). But on May 6, 2019, INC.'s counsel sent an email disclosing for the

first time the sale of INC.'s assets to LLC (id. ¶¶ 77, 78). Plaintiff concludes that defendants

intentionally structured the sale of INC.'s assets to avoid liability for plaintiff's Florida fee

claims (id. ¶ 79).

    Plaintiff originally alleged three counts, under New York Debtor and Creditor Law

section 273-a for fraudulent transfer; fraudulent transfer under Debtor and Creditor Law

section 276; and seeking injunctive relief against LLC and Holstein to prohibit LLC any disposal

of assets (id. ¶¶ 81-85, 87-93, 95-96).

*Proceedings after Commencement*

    After plaintiff moved for appointment of a receiver (Docket No. 8) and withdrew that

motion on stipulation (Docket No. 10), LLC answered (Docket No. 17, June 14, 2019). INC.

and Holstein entered into a stipulation with plaintiff to extend their time to answer or move to

July 12, 2019 (Docket Nos. 16, 18; see also Docket No. 28, Pl. Atty. Aff. Ex. K).  The

Stipulation reads in its entirety

> "IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for plaintiff Bank of America and the attorneys for defendants Tempay, Inc. and Larry Holstein that said defendants [sic] time to answer, move or otherwise respond with respect to the Complaint filed in this action is hereby extended up to and including July 12, 2019."

(Docket No. 16; see also Docket No. 28, Pl. Atty. Aff. Ex. K).  This stipulation did not address

plaintiff's ability to amend the complaint as a matter of course.  On July 12, 2019, INC.

answered (Docket No. 19).

*Holstein's Initial Motion to Dismiss (Docket No. 20)*

After the Answers by LLC and INC., Holstein moved to dismiss under Rule 12(b)(6)

(Docket No. 20, also on July 12, 2019), arguing that the original Complaint fails to allege

piercing of the corporate veil of defendant INC. to reach him (id.).

Judge Vilardo then referred this case and this motion to the undersigned (Docket No. 21).

*Plaintiff's Proposed Amended Complaint (Docket No. 23)*

Apparently in response to Holstein's motion, plaintiff filed an Amended Complaint

(Docket No. 23) and did not move for leave to amend.  As later noted (Docket No. 33, Pl. Atty.

Aff. ¶ 2), this amendment pleads only new facts "relating to its alter ego theory of liability

against Holstein" (id.).

Plaintiff alleges that Holstein is the 100% owner of INC., president of LLC, and member

of LLC (Docket No. 23, [proposed] Am. Compl. ¶¶ 5, 68, 84; see also Docket No. 1, Compl.

¶ 66).  Plaintiff also claims new in the amendment that from March 2017 to June 2018, Holstein

proposed and negotiated the transfer of INC.'s assets to LLC "purportedly to relieve [INC.] of a

corporate debt owed to Canfield Funding, LLC dba Millennium Funding ("Millennium") and personally guaranteed by Holstein, in exchange for Millennium acquiring an interest in [LLC]" (Docket No. 23, [proposed] Am. Compl. ¶ 44; see id. ¶¶ 86-87). Plaintiff alleges that this transfer was to shield INC. from plaintiff's judgment and "to protect Holstein's personal assets that were endangered by the personal guaranty" (id. ¶ 45). The amendment alters the original Complaint's ¶ 44, now alleging that "once negotiations between Holstein and Millennium were underway," INC. and its counsel "repeatedly sought to delay resolution" of plaintiff's fee motion (Docket No. 23, proposed Am. Compl. ¶ 46). Finally, the amended pleading augments the original Complaint ¶ 64 allegation that INC. finalized sale of its assets, now alleging that INC. "finalized a settlement agreement with Millennium and sold all of its assets to [LLC], the New York Limited Liability Company that had been formed on March 17, 2017" (Docket No. 23, [proposed] Am. Compl. ¶ 66).

The Amended Complaint adds a new Count One, for alter/ego, piercing the corporate veil (id. ¶¶ 83-93). There, plaintiff alleges that INC. "was so completely dominated and controlled by Holstein" that it was a "mere instrumentality of Holstein" such that it did not have a separate mind, will or existence (id. ¶ 83). Holstein was the only person named as INC.'s corporate "leadership" on INC.'s webpage (id. ¶ 85). After Millennium entered into a loan agreement with INC., Millennium learned that INC. was undercapitalized and could not meet its liabilities (id. ¶ 88). With INC. in default, Millennium threatened to cease funding its operations and foreclose upon the loan and exercise Holstein's personal guaranty (id.). "To avoid personal liability for [INC.'s] default under the Loan Agreement and to shield [INC.] and Holstein's assets from a judgement [sic] in favor of [plaintiff] that was forthcoming, in or about Spring of 2017, Holstein

sought to orchestrate a sale of all of INC.'s assets to a newly formed entity," LLC (id. ¶ 89).  The next year, during the stay of the Florida action, Holstein allegedly negotiated a settlement arrangement with Millennium "whereby TemPay [INC.] would transfer all of its assets to TLLC [LLC] in exchange for Millennium acquiring an ownership interest in TLLC [LLC]" (id. ¶ 90). Plaintiff concludes that Holstein used his domination and control of INC., termed "an undercapitalized corporate shell," to induce Millennium to extend credit that INC. could not repay, engaged in vexatious litigation with plaintiff, and to transfer assets fraudulently to LLC to avoid personal liability for these debts (id. ¶ 92).  As a result of the fraudulent transfer from INC. to LLC orchestrated by Holstein, plaintiff alleges that it is unable to collect its judgment against INC. and Holstein (id. ¶ 93).

*Question about Timing of Proposed Amendment*

"This Court believes the relevant responsive pleading is the first one, by defendant TemPay, LLC," on June 14, 2019 (Docket No. 25; see Docket No. 19).  This Court (initially without challenge) calculated the time for amendment as of right with the 21-day deadline being July 5, 2019, or 21 days after defendant LLC's Answer (id.).  The purported Amended Complaint (Docket No. 23) was filed on August 2, 2019, or 21 days from the stipulated deadline for the remaining defendants to answer or move by July 12, 2019.

Curious about the timing under Rule 15(a) for amendment as a matter of course, this Court (as noted above) sought the parties' position as to the timeliness of this purported Amended Complaint (Docket No. 25).  Plaintiff argues that its Stipulation with INC. and Holstein extended their time to respond was with an understanding that no other rights or remedies under Federal Rules would be waived or forfeited (Docket No. 28, Pl. Atty. Aff. ¶ 10,

Ex. K; Docket No. 16; see Docket No. 28, Pl. Memo. at 5 ("under the assumption that an extension would not result in a waiver or forfeiture of any of [plaintiff's] rights or remedies under the Federal Rules"), 11-12), but the text of that stipulation is silent as to those other rights. Plaintiff contends that the Amended Complaint should be deemed as timely (id. at 7-9), with the amendment as of right period triggered with each defendant's response (id. at 9-11). Alternatively, plaintiff claims that justice requires granting leave to amend under Rule 15(a)(2) (id. at 12-14).

Holstein and INC. argue that the Advisory Committee, in amending Rule 15 in 2009, did not contemplate multiple 21-day periods for amendment as of right, Advisory Comm. Note for Rule 15 (2009 amendments), at 2-3; United States ex rel. D'Agostino v. EV3, Inc., 802 F.3d 188, 192-93 (1st Cir. 2015) ("EV3") (Docket No. 26, INC. and Holstein Memo. at 2-3). LLC adopted the arguments made by the codefendants in Docket No. 26 (Docket No. 27).

Plaintiff in reply argues that defendants failed to address its timeliness arguments (Docket No. 33, Pl. Reply Memo. at 4), but defendants' response countered plaintiff's timeliness argument (see Docket No. 26, INC. and Holstein Memo. at 2-3). Plaintiff also distinguishes EV3, Inc., because it involved multiple attempts at amendment (Docket No. 33, Pl. Reply Memo. at 4-5). Plaintiff also argues that it asserted an alter ego theory against Holstein in the original Complaint and learned of additional information that led to the amendment, with one relief sought which is piercing INC.'s corporate veil and holding Holstein liable (Docket No. 28, Pl. Memo. at 2-4; see Docket No. 1, Compl. ¶¶ 38-43, 63-93, at 14). Next, plaintiff argues that leave to amend should be granted if the original Complaint is dismissed as to Holstein to allow for technical correction (Docket No. 28, Pl. Memo. at 12-14).

9

*Defense Motion to Dismiss the Amended Complaint (Docket No. 30)*

Holstein and INC. moved to dismiss the proposed Amended Complaint or to dismiss it if deemed timely (Docket Nos. 30, 31, Defs. Memo. at 2). Their argument also challenges granting leave to amend because the amendment lacks merit (Docket No. 31, Defs. Memo. at 2). They contend that Count One fails to allege sufficiently an alter ego theory to hold Holstein liable (id. at 3). Invoking Ohio law, defendants argue that piercing the corporate veil is not a cause of action but is merely a remedy (id. at 3-4). They apply Ohio law because the corporation that is sought to be pierced, TemPay, Inc., is an Ohio corporation (see id. at 4-5). Under Ohio precedent of Belvedere Condominium Unit Owners' Ass'n v. R.E. Roark Cos., 67 Ohio St. 3d 274, 617 N.E.2d 1075 (1993), defendants contend that plaintiff does not meet the first prong for piercing the corporate veil, that control of the corporation is so complete that the corporation lacks a distinct mind, will or existence (id. at 6-7).

This Court deemed this motion to be a response to plaintiff's alternative motion for leave to amend (Docket No. 32). A motion to dismiss a proposed amendment is premature since the status of the amended pleading was not determined (id.), see Harmon v. Johnson, No. 90 Civ. 0998, 1990 U.S. Dist. LEXIS 5881, at *2 (S.D.N.Y. May 15, 1990) (denying motion without prejudice).

Plaintiff responds that it is not pleading alter ego theory as a cause of action; rather, it pleads for substantive relief for other causes of action (Docket No. 33, Pl. Reply Memo. at 6) & n.1). Plaintiff does not concede that Ohio law governs its claims (id. at 8 n.3), but contends that under either New York or Ohio law, it has pled piercing of INC.'s corporate veil (id. at 8-12) and that INC. was a vehicle for Holstein's fraud against plaintiff (id. at 12-16).

**DISCUSSION**

I.    Applicable Standards

    A.    Amended Pleadings, Federal Rule 15

Federal Rule of Civil Procedure 15(a) allows amendment either as of right (or "as a matter of course," Fed. R. Civ. P. 15(a)(1)) or by leave of the Court. "A party may amend its pleadings once as a matter of course" if "the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 day after service of a motion under Rule 12(b), (e), or (f), <u>whichever is earlier</u>," <u>id.</u> (emphasis added).

Under Rule 15(a), amendment of pleadings after the time to do so as of right requires either consent of all parties (apparently not present here) or by leave of the Court.  Motions for leave to amend the complaint are to be freely given when justice requires.  Granting such leave is within the sound discretion of the Court.  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321, 330 (1971).  "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'"  <u>Foman</u>, <u>supra</u>, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).

The amended pleading supersedes prior pleadings, 3 <u>Moore's Federal Practice—Civil</u>, § 15.17[3] (3d ed. 2013); 6 Wright, Miller & Kane, <u>Federal Practice and Procedure</u> § 1476 (2010) (the effect of amended pleading is to supersede predecessor and remains in effect until it is modified).

B.      Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46); Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4 (D.D.C. May 31, 2007).  To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5.  As recently reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), rev'g Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id., at 556 . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Ibid.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'  Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading.  The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference.  Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985).  In

considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

A motion to dismiss a proposed Amended Complaint before leave has been granted for amendment is premature, Harmon, supra, 1990 U.S. Dist. LEXIS 5881, at *2. As noted by this Court in another case, "ordinarily, the motion to dismiss would address the original Complaint and the merits of a proposed amendment would be considered under Rule 15 and the liberal leave to amend" standard, Baker Homes Tenant Council, Inc. v. Lackawanna Mun. Hous. Auth., No. 14CV284, 2014 U.S. Dist. LEXIS 172001, at *19 (W.D.N.Y. Oct. 20, 2014) (Scott, Mag. J.). Until leave is granted or a timely amendment as a matter of course is made, the amended pleading does not assert claims and is a nullity; the original pleading remains applicable.

The better procedure would have been for defendants to respond to the motion for leave to amend by opposing it as futile, see Fed. R. Civ. P. 15(a)(2); Foman, supra, 371 U.S. at 182; see Gibson v. Heary, et al., No. 17CV272, 2019 U.S. Dist. LEXIS 137573, at *3 (Docket No. 65, Report & Rec., at 2-3) (W.D.N.Y. Aug. 12, 2019) (Scott, Mag. J.).

C.    Choice of Law

In a diversity jurisdiction action, this Court initially must apply the substantive law of our forum state (New York), see Erie R.R. v. Tompkins, 304 U.S. 64 (1938), including its choice of

law, Klaxon v. Stentor, 313 U.S. 487 (1941). Under New York choice of law rules, "the first step in any case presenting a potential choice of law is to determine whether there is an actual conflict between the laws of the jurisdiction involved." Matter of Allstate Ins. Co., 81 N.Y.2d 219, 223, 597 N.Y.S.2d 904, 905 (1993). The parties dispute whether New York or Ohio's alter ego law applies here (compare Docket No. 31, Defs. Memo. at 4-15 with Docket No. 28, Pl. Memo. at 12-13; see also Docket No. 33, Pl. Reply Memo. at 8 n.3).

II.    Timeliness of Plaintiff's Proposed Amended Complaint

    A.    Plaintiff's Contentions and Cases Cited

    Plaintiff cites cases which hold that, when multiple defendants are sued, plaintiff has 21 days for each defendant to amend as of right (Docket No. 28, Pl. Memo. at 9-10) (citing Cowan v. Miller, No. 2:15-cv-12428, 2016 WL 4362868, at *2 (E.D. Mich. Aug. 16, 2016) (Patti, Mag. J.); Crumb v. Tcoombs & Assocs., LLC, No. 2:13-cv-707, 2014 WL 4748520, at *5 (E.D. Va. Sept. 23, 2014); Am. Realty Invs., Inc. v. Prime Income Asset Mgmt., LLC, No. 2:13-cv-00278-APG-CWH, 2013 WL 5663069 (D. Nev. Oct. 15, 2013); Hylton v. Anytime Towing, No. 11CV. 1039 JLS (WMc), 2012 WL 1019829, at *2-3 (S.D. Cal. Mar. 26, 2012); Villery v. District of Columbia, 277 F.R.D. 218, 219-20 (D.D.C. 2011); Eastman Kodak Co. v. Camarata, No. 05CV6384L, 2006 WL 3538944, at *1 n.1 (W.D.N.Y. Dec. 6, 2006) (Larimer, J.); Jones v. Safi, No. 10CV2395(JS)(ARL), 2011 WL 55247674, at *3 (E.D.N.Y. Nov. 10, 2011) (citing 6 Wright, Miller & Kane, supra); 6 Wright, Miller & Kane, Federal Practice and Procedure § 1481, at 661-62 (3d ed. 2010) (Docket No. 28, Pl. Memo. at 9-10).

Plaintiff next distinguishes this Court's decision in <u>Brown v. West Valley Envtl. Servs,</u> <u>LLC</u>, No. 10CV210, 2010 WL 3369604, at *9, 2010 U.S. Dist. LEXIS 86757, at *27-29 (W.D.N.Y. Aug. 24, 2010) (Scott, Mag. J.) (<u>id.</u> at 10-11).

Plaintiff then argues that the stipulation extending time to answer or move did not extinguish its right to amend within 21 days of these defendants' responses (<u>id.</u> at 11-12, citing <u>Canales v. Sheahan</u>, No. 12CV693, 2016 WL 489896, at *2 (W.D.N.Y. Feb. 9, 2016) (Scott, Mag. J.) (pro se plaintiff)).

Plaintiff next contends that one group of commentators argues that the 21-day period governs nonresponding defendants, despite the earlier answer or motions to dismiss from codefendant(s), 6 Wright, Miller & Kane, <u>supra</u>, § 1481, at 661-62 (citing <u>Pallant v. Sinatra</u>, 7 F.R.D. 293, 300 (S.D.N.Y. 1945)).  Given the short period of time, the authors conclude that nonresponding parties would not be prejudiced by an amendment and "it seems preferable to allow the amendment under Rule 15(a)(1), rather than to require plaintiff to make a motion under Rule 15(a)(2)," <u>id.</u> at 662.

The First Circuit, in <u>United States ex rel. D'Agostino v, EV3, Inc.</u>, rejected "this tortured interpretation of Rule 15" as "not only def[ying] common sense but also run[ning] contrary to the historic structure of Rule 15 and to the stated purpose or the 2009 amendments to the Rule," <u>EV3</u>, <u>supra</u>, 802 F.3d at 193.  The plaintiff there had already amended the Complaint as of right and now sought a fourth amendment as a matter of course, <u>id.</u> at 190, 192.  The court emphasized that Rule 15(a)(1) as amended "explicitly states that a party is entitled to amend '<u>once</u> as a matter of course,'" <u>id.</u> at 192, quoting Fed. R. Civ. P. 15(a)(1) (emphasis added by First Circuit).  The First Circuit held that the plaintiff here had taken advantage of the one-time amendment as a

matter of course in 2011 and subsequent amendments require either consent of the opponents or leave of court, id., rejecting plaintiff's argument that it could amend as a matter of course "each time the defendants filed a responsive pleading (either an answer or a responsive motion) to a particular version of the complaint," id. at 192, 193. The amendment to Rule 15 did not "rescind the historic limitation to amendment as a matter of course to one such amendment per plaintiff per case," id. at 193. Plaintiff distinguishes this case because of the multiple amendments (cf. Docket No. 33, Pl. Reply Memo. at 4-5). Plaintiff's present position, however, would lead either to multiple amended pleadings or versions of the pleading (contrary to Rule 7(a)(1) of a Complaint as the allowed pleading), at most one amendment for each defendant as they appear, or the mixed result of amendment as a matter of course for some defendants and leave to amend as to the other defendants that appear, e.g., Villery, supra, 277 F.R.D. at 220; Crump, supra, 2014 WL 4748520 at *5 & n.4.

This Court's decision in Canales, supra, 2016 WL 489896, is also distinguishable. There, plaintiff representing himself had his initial Complaint screened and, before the case was allowed to proceed as a poor person, this Court ordered plaintiff to file an Amended Complaint, id. at *1-2. While technically an amendment, this Court did not deem it to be an amendment under Rule 15 as a matter of course, id. at *2, 3. Defendants then moved to dismiss and plaintiff sent a letter seeking extension of time to respond to defendants' motion to dismiss, id. at *3. Given plaintiff's pro se status and the lack of opposition by defendants, that motion to dismiss was deemed to be the starting point for that plaintiff's time to file as a matter of course a further Amended Complaint, id. This Court then considered alternatively whether leave to amend should be granted, finding that leave was warranted, id.

16

When a plaintiff is suing multiple defendants (as here) that party has one opportunity to amend the Complaint as of right, Fed. R. Civ. P. 15(a)(1), and not one opportunity per defendant or per version of pleading, see EV3, supra, 802 F.3d at 193. With many defendants, each may respond at different times and in a different manner, precisely as occurred here. Thus, amendment as a matter of course is triggered by the first defense response, see Fed. R. Civ. P. 15(a)(1) ("whichever is earlier"). Two of three defendants in this case answered (Docket Nos. 17, 19) while the third then moved to dismiss (Docket No. 20), raising in that motion the defect plaintiff now seeks to correct by an amendment as a matter of course. Under the earliest version of Rule 15, the United States District Court for the Southern District of New York held that a plaintiff could amend as of right if all defendants had not answered, Pallant v. Sinatra, supra, 7 F.R.D. at 300 (S.D.N.Y. 1945) (yes, that Sinatra). Prior to 2009, the fact that a defendant had not answered (even if it filed a motion to dismiss) did not hinder plaintiff from filing an Amended Complaint as a matter of course, see Brown v. West Valley, supra, 2010 U.S. Dist. LEXIS 86757, at *25-26.

In 2009, Rule 15 was amended to grant plaintiff an opportunity to amend as a matter of course within 21 days of serving the Complaint or 21 days from the earlier of an Answer **or** motion by a defendant, Fed. R. Civ. P. 15(a)(1)(A), (B). The rules amendment extended the time for an amended pleading as well as clarify that either an Answer or dispositive motion trigger this matter-of-course period. Thus, plaintiff can amend once as a matter of course from the earlier of an Answer or dispositive motion is filed, Fed. R. Civ. P. 15(a)(1)(B). The key is "whichever is earlier" in Rule 15(a)(1), see 3 Moore's Federal Practice, supra, § 15.12[3], this 21-day period runs from the first defense response. Plaintiff cannot pick among defendants and

17

use their pleading or motion as the basis for amendment as a matter of course. Otherwise, plaintiff would have multiple opportunities to amend as a matter of course, or the confusion of Amended Complaints directed to a subset of defendants.

A plaintiff is not deprived of the opportunity to amend its pleadings if defendants respond at different times and the matter of course amendment has been used (or its time has expired because plaintiff fails to amend within 21 days of the first defense appearance); that plaintiff could seek either consent of the defense or move for leave of the Court, Fed. R. Civ. P. 15(a)(2).

This Court considered this question in Brown v. West Valley Environmental Services, LLC, No. 10CV210, 2010 U.S. Dist. LEXIS 86757 (W.D.N.Y. Aug. 24, 2010) (Scott, Mag. J.). The issue there was the timing of that plaintiff's amendment as a matter of course given the appearances of defendants in that case, where some defendants had answered or moved to dismiss prior to other defendants and before plaintiff filed his Amended Complaint, id. at *28-29. This Court held that plaintiff could not amend as a matter of course after the deadline established from the first defendants' response and the later amendment was stricken as untimely (granting one group of defendants' motion to strike the amended pleading), id. at 29. This Court then considered granting leave to amend based upon the Amended Complaint plaintiff purported to file as a matter of course, see id. at *30-35, concluding that that amendment would have been futile and denying leave, id. at *35.

The cases cited by plaintiff (Docket No. 28, Pl. Memo. at 9-10) that allowed a plaintiff to amend as a matter of course within 21 days of any defendant's response would lead to the anomalous result of plaintiff having multiple times to amend just "once." This case does not involve adding new parties, Hylton, supra, 2012 WL 1019829, at *2-3, when commentators

18

believe multiple amendments as a matter of course would be permitted, cf. 6 Wright, Miller & Kane, supra, § 1481, at 662.

In Cowan, the pro se plaintiff sued two individual defendants and the Michigan Department of Corrections (or "MDOC") for violation of his rights, 2016 WL 4362868, at *1. The court dismissed some claims for failure to exhaust administratively and later granted plaintiff's voluntary motion to dismiss MDOC, leaving as defendants the two individuals, id. Plaintiff then filed his amendment within 21 days after the defendant MDOC filed its motion to dismiss allowing him to amend as of right as to that defendant, id. at *2. "Plaintiff, apparently realizing that he may not be entitled to amend without leave as to all Defendants, filed a motion for leave to file an amended complaint," id. at *1. "However," noted by that court, "Plaintiff was not within the 21-day time period to amend as of right as to Defendants Woods and Miller [the two remaining parties]. As MDOC is no longer a Defendant in this action, Plaintiff is not entitled to amend as of right and therefore properly filed his motion [for leave] to amend," id. at *2.

In Crump, supra, 2014 WL 4748520, two defendants had answered and the defendant United States Navy moved to dismiss on March 31, 2014, when plaintiff filed a motion to amend the Complaint on April 14, 2014, fourteen days later, 2014 WL 4748520, at *2, with amendments that the court termed focused on allegations against the Navy and not the other defendants, see id. at *5. Because plaintiff filed her motion after two of the defendants answered, she needed to move for leave or have their consent to amend, id., but as for the defendant Navy, plaintiff was deemed timely in filing the amended pleading as a matter of course, id. at *5 & n.4 (citing cases and 6 Wright, Miller & Kane, supra, § 1481). The court

dismissed as moot plaintiff's motion to amend as to the Navy and, considering the inaction of the other appearing defendants, granted leave to amend as to those defendants, id. at *5. Thus, that court avoided the problem of multiple pleadings against different defendants.

In American Realty Investors, supra, 2013 WL 5663069, at *5, and plaintiff's motion for remand that court discussed prior precedent, including Villery, supra, 277 F.R.D. 218, to state that "in other words, a plaintiff may amend the complaint 'as a matter of course' at any time as to a defendant who has not filed a responsive pleading or eligible motion under Rule 12," 2013 WL 5663059, at *5. One defendant, Hometown LLC, had moved to dismiss and plaintiff's First Amended Complaint was deemed untimely as to Hometown, id. at *2, 6; other defendants had not filed Answers or responsive motions, and plaintiff's new claims against them were deemed timely, id. at *6.

In Villery, supra, 277 F.R.D. at 219-20, the self-represented inmate plaintiff sued the District of Columbia, its Office of Attorney General, a hospital and doctors. Some of these defendants answered or filed motions, but the Office of Attorney General and two other defendants (one of which merely moved to have the United States government substitute for it) did not, id. at 220. The court found that plaintiff could amend his complaint as a matter of right as to these three defendants despite the appearances by codefendants, id., concluding that "to the extent that Plaintiff seeks the Court's leave to make that amendment, he does not need it; his motion will be denied in part as moot, and the amendment will simply be accepted as filed as to these defendants," id. As for the other defendants, the court granted plaintiff leave to amend the Complaint as to them, id.

In <u>Hylton</u>, <u>supra</u>, 2012 WL 1019829, at *2-3, the <u>pro se</u> plaintiff sought to amend the complaint to add defendants on the basis of plaintiff's alternative motion for leave of court.  The court also held that plaintiff could amend as a matter of course for those defendants for whom the 21-day period under Rule 15(a)(1) has not expired, <u>id.</u> at *2.  That court also noted that Rules 19, 20, and 21 were implicated since the motion involved joinder of parties, <u>id.</u>

In <u>Jones v. Safi</u>, <u>supra</u>, 2011 WL 55247674, at *3, the <u>pro se</u> plaintiff sought to amend the Complaint after some of the defendants moved to dismiss but the court held that plaintiff would have to move for leave as to the appearing defendants but could amend as a matter of course for the non-appearing defendants.

Finally, in Judge Larimer's decision in <u>Eastman Kodak Co. v. Camarata</u>, <u>supra</u>, 2006 WL 3538944, at *1 n.1 (W.D.N.Y. Dec. 6, 2006), in a pre-2009 case, Judge Larimer treated Rule 15(a) as operative since the answering defendants did not preclude plaintiff from amending as to the defendant which had filed a motion to dismiss.  The 2009 amendment clearly includes answer or motion, Fed. R. Civ. P. 15(a)(1).

One common theme in these cited cases is that they often involved self-represented plaintiffs, <u>see</u> <u>Canales</u>, <u>supra</u>, 2016 WL 489896; <u>Villery</u>, <u>supra</u>, 277 F.R.D. 218; <u>Jones</u>, <u>supra</u>, 2011 WL 55247674; <u>Cowan</u>, <u>supra</u>, 2016 WL 4362868; <u>Hylton</u>, <u>supra</u>, 2012 WL 1019829.  Another common theme is courts using both matter-of-course and leave to allow amendments where the filed amendment occurred after time from the first defense appearance, <u>Crump</u>, <u>supra</u>, 2014 WL 4748520; <u>Jones</u>, <u>supra</u>, 2011 WL 55247674, at *3; <u>cf.</u> <u>Cowan</u>, <u>supra</u>, 2016 WL 4362868, as this Court considered in <u>Brown v. West Valley</u>, <u>supra</u>, 2010 U.S. Dist. LEXIS 86757, at *30-35.  These courts recognize that a plaintiff cannot file an amended pleading as a

matter of course after a defendant appears and could seek amendment as to them only be leave of the court (or by consent).

B.      Timeliness of Plaintiff's Proposed Amended Complaint

This Court reaffirms its conclusion in Brown v. West Valley, that plaintiff has one opportunity within 21 days of the first defense response (Answer or motion) in order to amend as a matter of course.  For this 21-day period, the relevant start point is the initial Answer of defendant LLC of **June 14, 2019** (Docket No. 17), and not the subsequent Answer by INC. (Docket No. 19) or Holstein's motion to dismiss (Docket No. 20) both filed on July 12, 2019. Plaintiff argues that it filed the amended pleading in response to the motion to dismiss (Docket No. 28, Pl. Memo. at 11) but this amendment as a matter of course was **untimely** despite the amendment being limited to changing allegations against the last appearing defendant, Holstein.

INC. and Holstein's Stipulation with plaintiff of June 14, 2019 (Docket Nos. 16, 28, Pl. Atty. Aff. Ex. K), extending their time to appear did not extend plaintiff's time to amend as a matter of course or constitute a waiver of plaintiff's rights (cf. Docket No. 28, Pl. Memo. at 11-12).  That Stipulation, which did not include LLC (cf. Docket No. 28, Pl. Memo. at 5-6; Docket No. 28, Pl. Atty. Aff. ¶ 10), could not extend the matter-of-course period because it made no reference to that deadline (on plaintiff) since the Stipulation's focus was solely to extend defense deadline.  Presumably, a Stipulation as to all parties could have addressed the time for plaintiff's single right to amend as a matter of course.  The stipulating parties may have assumed (cf. Docket No. 28, Pl. Atty. Aff. ¶ 10) that plaintiff's right to amend as a matter of course would also extend, but the text of the Stipulation is silent as to that point.

As a result, plaintiff's filing of the Amended Complaint (Docket No. 23) is **untimely and requires leave of this Court or consent of defendants**. Plaintiff's alternative motion (Docket No. 28) for a finding that its Amended Complaint (Docket No. 23) is timely as filed as a matter of course is **denied**.

The next issue is whether the amended pleading should stand under Rule 15(a)(2), that is either by defense written consent to it or by leave of this Court. Defense consent is not apparent (see Docket Nos. 26, 27, 30) and no written consent has been submitted. Again, Holstein and INC.'s. Stipulation with plaintiff (Docket Nos. 16, 28, Pl. Atty. Aff. Ex. K) does not constitute consent for plaintiff to amend. This Court next turns to whether leave to amend should be granted or whether defendant Holstein should be dismissed from this case.

III.    Leave to Amend and Futility to Amend and Holstein's Motion(s) to Dismiss

Defense motions to dismiss intersect with plaintiff's alternative motion for leave to amend on the issue is whether alleging piercing INC.'s corporate veil to reach Holstein is futile. A failure to state a claim under Rule 12(b)(6) also would constitute futility under Rule 15(a)(2). The Rule 12 analysis turns on whether the Complaint alleges a claim, while the Rule 15(a)(2) futility standard focuses on whether plaintiff can under any circumstances allege a claim. Whether plaintiff has stated a claim (or can ever allege a claim) here involves alter ego liability and which jurisdiction's law on that liability is applicable.

A.    Choice of Law Regarding Alter Ego Liability

Defendants raise an issue of choice of law, whether Ohio law (since INC. is an Ohio corporation) or New York (the substantive law plaintiff invokes in this diversity action) governs relief of piercing the corporate veil (compare Docket No. 31, Defs. Memo. at 4-13 with Docket

No. 33, Pl. Reply Memo. at 8 n.3 and Docket No. 28, Pl. Memo. at 12-13 (citing both states'
laws)).  Holstein argues that, under New York choice of law rules, plaintiff needs to satisfy Ohio
law in asserting an alter ego claim because INC. is an Ohio corporation and the law of the state
of incorporation determines whether the corporate form should be disregarded, Fletcher v. Atex,
Inc., 861 F. Supp. 242, 244 (S.D.N.Y. 1994), aff'd, 68 F.3d 1451 (2d Cir. 1995) (Docket No. 34,
Defs. Reply at 3; see also Docket No. 20, Def. Holstein Memo. at 3-4).

 As a federal court in a diversity matter applying New York substantive law (including its
choice of law regime), "'the law of the state of incorporation determines when the corporate
form will be disregarded and liability will be imposed on shareholders,'" Fletcher, supra, 861 F.
Supp. at 244 (quoting Kalb, Voorhis & Co. v. American Fin. Corp., 8 F.3d 130, 132 (2d Cir.
1993)), aff'd, 68 F.3d 1451, 1456 (2d Cir. 1995).  In Fletcher, defendant was incorporated in
Delaware and, applying the New York choice of law rule, the district court applied Delaware law
for imposition of alter ego liability, 861 F. Supp. at 244.

 This is a conflict if the substantive laws differ.  Plaintiff cites to New York and Ohio
cases for the same elements for piercing a corporate veil, control over the corporation is so
complete that the corporation lacks a separate mind, will or existence of its own; control was
exercised in a manner as to commit fraud against the person seeking to disregard the corporate
entity; and injury or unjust loss resulted to plaintiff from such control and fraud, see Conason v.
Megan Holding LLC, 25 N.Y.3d 1, 18, 6 N.Y.S.3d 206, 216 (2015); Belvedere, supra, 67 Ohio
St. 3d at 288, 617 N.E.2d at 1086.  Holstein argues that plaintiff ignores unfavorable Ohio
Supreme Court decision, Dombrowski v. Well Point, Inc., 119 Ohio St. 3d 506, 895 N.E.2d 538
(2008), that he claims is fatal to the alter ego claim here (Docket No. 34, Defs. Reply Memo. at

2). But this argument goes to the second prong of alter ego liability of <u>Belvedere</u>, that plaintiff needs to show that a defendant shareholder "exercised control over the corporation in such a manner as to commit fraud, an illegal act, or a similarly unlawful act," <u>Dombrowski</u>, <u>supra</u>, 119 Ohio St. 3d at 513, 895 N.E.2d at 545, which is common to New York law, as described below.

Under New York law, "generally, a plaintiff seeking to pierce the corporate veil must show that '(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury,'" <u>Matter of Morris v. New York State Dep't of Tax. & Fin.</u>, 82 NY.2d 135, 141, 603 N.Y.S.2d 807, 810-11 (1993); <u>Conason v. Megan Holding, LLC</u>, 25 N.Y.3d 1, 18, 6 N.Y.S.3d 206, 216 (2015). Plaintiff needs "some showing of a wrongful or unjust act toward plaintiff" to pierce, <u>Morris</u>, <u>supra</u>, 82 N.Y.2d at 141-42, 603 N.Y.S.2d at 811.

Ohio law provides that

"the corporate form may be disregarded when (1) domination and control over the corporation by those to be held liable is so complete that the corporation has no separate mind, will, or existence of its own; (2) that domination and control was used to commit fraud or wrong or other dishonest or unjust act, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong"

<u>Belvedere</u>, <u>supra</u>, 67 Ohio St. 3d at 288, 617 N.E.2d at 1086; <u>see also</u> <u>Dombrowski</u>, <u>supra</u>, 119 Ohio St. 3d at 510-11, 895 N.E.2d at 543. Under Ohio law, "piercing the corporate veil is the 'rare exception,'" <u>Dombrowski</u>, <u>supra</u>, 119 Ohio St. 3d at 512, 895 N.E.2d at 544, "with limited liability for shareholders being the rule," <u>Premier Therapy, LLC v. Childs</u>, 75 N.E.3d 692, 710 (Ohio Ct. App. 2016).

There is a subtle difference between New York and Ohio alter ego law on the types of wrongs that lead to piercing the veil. Defendants emphasize (Docket No. 34, Defs. Reply Memo. at 2-5) this difference in citing the Ohio Supreme Court's later construction of Belvedere's second prong in Dombrowski, supra, 119 Ohio St. 3d at 511-13, 895 N.E.2d at 543-45. The Dombrowski court resolved a split among Ohio Courts of Appeals whether "fraud or an illegal act" included "other unjust or inequitable act," id. at 511-12, 895 N.E.2d at 543-44, with the Ohio Supreme Court holding

> "to fulfill the second prong of the Belvedere test for piercing the corporate veil, the plaintiff must demonstrate that the defendant shareholder exercised control over the corporation in such a manner as to commit fraud, an illegal act, or a similarly unlawful act. Courts should apply this limited expansion cautiously toward the goal of piercing the corporate veil only in instances of extreme shareholder misconduct."

Id. at 513, 895 N.E.2d at 545.

New York law differs, requiring the "'domination was used to commit a fraud or wrong,'" Morris, supra, 82 N.Y.2d at 141, 603 N.Y.S.2d at 810; Conason, supra, 25 N.Y.3d at 18, 6 N.Y.S.3d at 216. Earlier cases expansively define this wrong, where piercing the corporate veil occurs when plaintiff establishes that the control of the corporation "has been used to commit fraud or other wrong," Lowendahl v. Baltimore & O. R.R., 247 A.D. 144, 157, 267 N.Y.S. 62 (1st Dep't), aff'd, 272 N.Y. 360 (1936); Wm. Passalacqua Builders v. Resnick Devs. S., 933 F.2d 131, 138 (2d Cir. 1991) (citing and applying New York law).

In light of this conflict, this Court (on diversity jurisdiction) must apply New York's choice of law rules as previously discussed. Hence, **Ohio** alter ego law will be applied.

B.      The Original Allegations

Returning to the original Complaint to see whether it states a claim, plaintiff merely

alleged that Holstein was the 100% owner of INC. (Docket No. 1, Compl. ¶ 66) and that Holstein

used the stay in the Florida action to dissipate all of INC.'s assets (id. ¶ 64).  Most of the other

actions allegedly were committed by INC. without any express allegation of Holstein's control

over INC.  As Holstein and INC. argue, plaintiff merely alleges that Holstein was the sole

shareholder of INC. and this is not sufficient to state a claim to treat Holstein as the alter ego of

INC. (Docket No. 34, Defs. Reply Memo. at 3-4), see Premiere Therapy, LLC v. Childs, 2016-

Ohio-7934, 75 N.E.3d 692, 701 (Ohio Ct. App. 2016).  The Complaint lacks an allegation with

"extreme shareholder misconduct," Dombrowski, supra, 119 Ohio St. 3d 513, 895 N.E.2d at 845,

to warrant piercing INC.'s corporate veil (id. at 4).

This Court next considers whether leave to amend as stated in proposed Amended

Complaint should be granted, leaving for a moment Holstein's first motion to dismiss.

C.      Leave to Amend

        1.      Count One Alter Ego/Piercing the Corporate Veil

Piercing the corporate veil (under New York law) is not a cause of action "independent of

that against the corporation; rather it is an assertion of facts and circumstances which will

persuade the court to impose the corporate obligation of its owners," Morris, supra, 82 N.Y.2d

141, 603 N.Y.S.2d at 810.  Alter ego liability also is not a separate cause of action under Ohio

law, Allied Diversified Constr. Inc. v. Elite Mech., Inc., No. 1:16cv334, 2016 U.S. Dist. LEXIS

166611, at *7-8 (S.D. Ohio 2016) (applying Ohio law) (Docket No. 34, Defs. Reply Memo. at 5-

6).  Rather, piercing the corporate veil "is a means of imposing liability on a defendant;

27

therefore, each basis for piercing the corporate veil is an independent ground of recovery that must be specifically pleaded," Orrand v. Kin Contractors, LLC, No. 2:09cv1129, 2011 U.S. Dist. LEXIS 34303, at *9 (S.D. Ohio Mar. 30, 2011) (Sargus, Mag. J.); Allied Diversified Constr., supra, 2016 U.S. Dist. LEXIS 166611, at *7.

The amendment adds allegations that show Holstein's involvement with INC. and his role in the eventual sale of INC. assets to LLC. Defendants argue that the amendment merely alleges complete control by a sole shareholder which, by itself, is insufficient to allege alter ego liability (Docket No. 34, Defs. Reply Memo. at 3-4) and that plaintiff fails to allege extreme shareholder misconduct to establish liability (id. at 4). They also claim that plaintiff fails to allege, for example, diversion of INC. funds to Holstein's benefit (id. at 4-5). Plaintiff alleges that Holstein, as personal guarantor of INC.'s debt, created LLC to relieve INC. of a debt and to protect Holstein's personal assets if the guaranty was called (Docket No. 23, [proposed] Am. Compl. ¶¶ 44-45, 64). Plaintiff argues that the proposed amendment cures any possible dismissal defect, adequately stating a claim to pierce INC.'s corporate veil to reach sole owner Holstein (Docket No. 28, Pl. Memo. at 12). Plaintiff points to Holstein's complete ownership of INC., INC.'s undercapitalization, and Holstein's personal guaranty all support an inference of control, satisfying the first prong for alter ego liability (id. at 13). As for the second prong, plaintiff contends that the amendment alleges that INC. was a corporate shell and Holstein transferred its assets to LLC to commit a fraud against plaintiff and its claims (id.).

While plaintiff argues that the proposed Amended Complaint alleges that "Holstein used [INC.] to induce Millennium to extend credit that could not be repaid, to pursue vexatious litigation against [plaintiff] that would result in a judgment in [plaintiff's favor] that could not be

28

recovered" (id.), the proposed amendment does not allege the elements under Ohio law for alter ego liability.  Plaintiff met the first <u>Belvedere</u> prong, alleging that INC. was inadequately capitalized, Holstein held himself out as personally liable for certain corporate obligations, and common personnel (website identifying Holstein as sole leader), despite the disputes about the import of the undercapitalization allegation (<u>see</u> Docket No. 33, Pl. Reply Memo. at 10; <u>cf.</u> Docket No. 31, Defs. Memo. at 6-7), <u>LeRoux's Billyle Supper Club v. Ma</u>, 77 Ohio App.3d 417, 423, 602 N.E.2d 685, 689 (Ohio Ct. App. 1991) (per curiam).  INC.'s transactions with Millennium show Holstein's control (<u>see</u> Docket No. 23, [proposed] Am. Compl. ¶¶ 44, 86-89).

Alter ego liability hinges on the <u>Belvedere</u> second prong (as modified in <u>Dombrowski</u>), that plaintiff needed to allege that Holstein's exercise of control over INC. was in such a manner to commit fraud, an illegal act, or similarly unlawful act, and such wrong was an instance of "extreme shareholder misconduct," <u>Dombrowski</u>, <u>supra</u>, 119 Ohio St. 3d at 513, 895 N.E.2d at 545.  The purported fraud was the transfer of INC.'s assets during the pendency of plaintiff's Florida action without notice to plaintiff (<u>see</u> Docket No. 23, [proposed] Am. Compl. ¶¶ 45, 46, 89-92).  Defendants point out, however, that plaintiff's judgment would have been upon already encumbered assets of INC. (<u>see</u> Docket No. 34, Defs. Reply Memo. at 5).  Under plaintiff's New York Debtor and Creditor Law counts, defendants argue that INC.'s assets were fully encumbered and thus could not satisfy plaintiff's ultimate judgment despite Holstein's alleged machinations, therefore they conclude plaintiff has no claim under the Debtor and Creditor Law (Docket No. 34, Defs. Reply Memo. at 5).

The timing of events in INC.'s transactions with Millennium and LLC and the Florida action reveal whether the Millennium loan is part of the fraud alleged from the subsequent transfer of INC.'s assets to LLC.

| | |
|---|---|
| June 20, 2012 | INC. sues plaintiff in Florida court (Docket No. 23, [proposed] Am. Compl. ¶¶ 12-13) |
| January 13, 2015 | Plaintiff makes offer of judgment to INC. in Florida, INC. rejects it (¶¶ 18-20); INC. begins to incur sanctionable fees (¶ 37) |
| April 29, 2016 | Summary judgment for plaintiff entered in Florida court (¶¶ 25, 26) |
| May 25, 2016 | Millennium makes loan agreement with INC., encumbering its assets (¶ 86) |
| May 29, 2016 | Plaintiff moves for sanctions against INC. in Florida court (¶ 27) |
| Spring 2017 | Holstein establishes LLC (¶¶ 39, 89) to buy all of INC.'s assets (¶ 89) |
| March 3, 2017 | Plaintiff's summary judgment affirmed in Florida courts; INC. became defendant for money damages owed to plaintiff (¶¶ 32-34, 95) |
| March 17, 2017 | LLC registered (¶ 39) |
| March 31, 2017 | Florida order imposing sanction for INC. not accepting offer of judgment (¶¶ 36, 37), for $500,000 from Jan. 13, 2015, to Apr. 29, 2016 (¶ 37) |
| Spring 2018 | Florida action stayed pending appeal to Florida Supreme Court (¶¶ 55-63), INC. allegedly delaying resolution of Florida case (id.) |

| June 8, 2018 | INC. settlement with Millennium, sale of INC.'s assets to LLC (¶¶ 66, 91); LLC enters into promissory note with Millennium for INC.'s debt (¶ 91) |

| January 4, 2019 | Florida Supreme Court rules in plaintiff's favor, doubling sanction recoverable (¶¶ 64, 70-71) |

In the proposed Amended Complaint, plaintiff alleges that INC.'s conveyance to LLC was made with the intent to hinder and delay plaintiff's payment (Docket No. 23, [proposed] Am. Compl. ¶ 101). Plaintiff does not allege that the previous loan agreement to Millennium (creating a secured transaction) was made fraudulently or to harm plaintiff's interests. The Millennium loan and the creation and eventual asset transfer to LLC are two separate transactions. The Complaint (originally or as proposed to be amended) does not allege that these two events are linked such that the asset transfer was the natural consequence of the loan. It was the secured loan that ultimately deprives plaintiff of recovery of its sanctions judgment; that act placed INC.'s assets beyond plaintiff's eventual judgment. The proposed amendment does not allege fraud, illegal act of wrongful conduct rising to the level of "extreme shareholder misconduct" in entering into the Millennium loan. INC. and Holstein's subsequent conduct, including creation of LLC and forestalling notice to plaintiff of LLC's existence (or presumably the existence of the Millennium loan) while the Florida case was pending is problematic, the obstacle to plaintiff's immediate recovery from INC. was the secured Millennium loan. The proposed Amended Complaint does not allege that this secured transaction was wrongfully entered to defraud plaintiff. The timing of plaintiff prevailing in its summary judgment motion

in Florida in April 2016 and the May 2016 loan might indicate otherwise, but the proposed

pleading does not allege this.

Therefore, the second <u>Belvedere</u> prong (as construed by the Ohio Supreme Court in

<u>Dombrowski</u>) has not been alleged in the proposed Amended Complaint.

Given the disposition of the second prong (and no arguments concerning the last

<u>Belvedere</u> prong), this Court need not analyzed the third prong.

2.      Fraud Allegations

Under Rule 9(b), allegations of fraud need to be plead with particularity, Fed. R. Civ.

P. 9(b) (<u>see</u> Docket No. 31, Defs. Memo. at 10; <u>cf.</u> Docket No. 33, Pl. Reply Memo. at 7 n.2

(Rule 9(b) heightened pleading standard for fraud applies only to an alter ego claim)).

Defendants argue that plaintiff's proposed amended Count Three alleging liability under New

York Debtor and Creditor Law § 276 requires particular pleadings as to the fraud that violated

that statute (Docket No. 31, Defs. Memo. at 10).  Plaintiff counters that, given the knowledge

being peculiarly in defendants' possession, allegations based upon information and belief (as

here) suffices for the Rule 9(b) requirement (Docket No. 33, Pl. Reply Memo. at 14).  Plaintiff

sufficiently states a § 276 claim where the complaint identifies the particulars of the transaction

and the complaint as a whole alleges an inference of fraudulent intent (<u>id.</u> <u>citing</u> Eastman Kodak

<u>Co. v. Camarata</u>, <u>supra</u>, 2006 WL 3538944, at *17).

Plaintiff sufficiently alleges the known details of the INC. to LLC asset transfer.  The

next issue is whether plaintiff has an actionable claim under the New York Debtor and Creditor

Law.

3.      Proposed Count Two, Fraudulent Transfer under Debtor and Creditor Law
        § 273-a

Defendants argue that the proposed Amended Complaint does not allege underlying liability by INC. for Holstein to be liable as an alter ego (Docket No. 34, Defs. Reply Memo. at 7-8). The proposed amendment describes the transaction as a secured transaction between Millennium and INC. and LLC, and not an insider transfer to Holstein (id.).

Plaintiff notes the exception from the fair consideration exchange principle of the Debtor and Creditor Law when the transfer is made to a corporation's shareholder (Docket No. 33, Pl. Reply Memo. at 12). The proposed Amended Complaint, however, does not allege a transfer to Holstein. Holstein benefitted from LLC assuming the Millennium debt by having his guaranty extinguished. The amendment rather alleges that there was not fair consideration for the asset transfer from INC. to LLC (see Docket No. 23, [proposed] Am. Compl. ¶¶ 95-99).

The parties are discussing two different debts; plaintiff refers to its debt in the Florida sanctions owed by INC. while defendants refer to the Millennium loan. The common item between these two debts is INC.'s assets. Plaintiff's interest in INC.'s assets arise from the Florida sanctions order. But, as defendants note, the Millennium debt was an antecedent secured debt and vitiates plaintiff's subsequent claim. Therefore, plaintiff cannot allege an alter ego claim to recover under § 273-a. Defense motion to dismiss (both the original Complaint and the Amended Complaint if leave were given, Docket Nos. 20, 30) should be **granted**; alternatively, leave **is denied on futility grounds** to allow this count.

### 4.     Count Three, Debtor and Creditor Law § 276

Defendants also argue that prior secured creditor Millennium undermines plaintiff's § 276 claim (Docket No. 34, Defs. Reply Memo. at 9, 11). Again, plaintiff focuses upon the INC.-LLC asset transfer without reference to the underlying secured debt of Millennium.

5.    In Sum

On whether plaintiff alleged (or can amend to allege) defendant Holstein's alter ego liability for INC., plaintiff **has not alleged** alter ego liability on the part of Holstein. Millennium's role in these transactions provides an intervening, prior secured creditor that destroys plaintiff's claim (be it as originally alleged and as amended).  Plaintiff's alternative motion for leave to amend as stated in the proposed Amended Complaint (Docket No. 28) is **denied**.  Defendant Holstein motion to dismiss the remaining original Complaint (Docket No. 20) should be **granted**.  Alternatively, if leave to amend is granted, defendants Holstein and INC.'s motion to dismiss the Amended Complaint as proposed (Docket No. 30) also should be **granted**.  Plaintiff has not and cannot allege alter ego liability against Holstein given the secured transaction with Millennium.

IV.    Scheduling Order

With resolution of pleadings and its amendments, a Scheduling Order needs to be entered.  At a minimum, plaintiff's claims remain against LLC and INC. despite the ultimate disposition of Holstein's motions to dismiss.  This schedule shall occur in parallel with any objections to this Report and Recommendation and ultimate resolution of those dispositive motions.

Therefore, parties are to conduct a Rule 16(b)/26(f) conference by **December 30, 2019**, and submit a proposed Case Management Order/Scheduling Order and render a report (ideally jointly) from their Rules 16 and 26 conference.  Upon review of the parties proposed Case Management Order/Scheduling Order, this Court either will adopt the parties' proposed deadlines or schedule a Scheduling Conference.

**CONCLUSION**

Based upon the above, plaintiff's proposed Amended Complaint (Docket No. 23) is **not timely under Rule 15(a)(1) filed as a matter of course** and plaintiff's motion (Docket No. 28) to accept it as timely is **denied**.  Plaintiff's alternative motion (id.) for leave to amend the Complaint is **denied**.

As for the dispositive motions, it is recommended that Defendants Holstein and TemPay, Inc.'s motion to dismiss the Amended Complaint (Docket No. 30) be **deemed premature until leave to amend is granted** but (if leave were granted) this motion **should be granted**.  Given the disposition above, however, that leave is denied, this Court then considered defendant Holstein's original motion to dismiss (Docket No. 20) and recommends that this motion be **granted**.  If adopted, the result of this motion practice is the dismissal of claims against Holstein.

Remaining parties will hold a Rule 16/26 conference by **December 30, 2019**, and submit a report and proposed Case Management Order/Scheduling Order from that conference by that date.  This Court then will issue a Scheduling Order either based upon that report and proposed Order or set a Scheduling Conference.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report &**

Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and

W.D.N.Y. Local Civil Rule 72(b).

      **FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION**

**WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME**

**WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S**

**ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v.

Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak

v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

      The District Court on de novo review will ordinarily refuse to consider arguments, case

law and/or evidentiary material which could have been, but was not, presented to the Magistrate

Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale

Electric Co., 840 F.2d 985 (1st Cir. 1988).

      Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72(b),

"[w]ritten objections to proposed findings of fact and recommendations for disposition submitted

by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the

portions of the proposed findings and recommendations to which objection is made and the

basis for each objection, and shall be supported by legal authority."  **Failure to comply with the**

**provisions of Rule 72(b) may result in the District Court's refusal to consider the objection.**

      SO ORDERED.


                                  _/s/ Hugh B. Scott_

                                    Hon. Hugh B. Scott

                           United States Magistrate Judge

Dated: Buffalo, New York
      November 7, 2019