UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BANK OF AMERICA, N.A.,

    Plaintiff,

  v.            19-CV-674 (JLS)

TEMPAY LLC, TEMPAY, INC., AND
LARRY HOLSTEIN,

    Defendants.

_____

## <u>DECISION AND ORDER</u>

On May 23, 2019, Plaintiff Bank of America, N.A. ("BOA") commenced this fraud action[1] against TemPay LLC, TemPay, Inc., and Larry Holstein.  Dkt 1. On July 25, 2019, this Court[2] referred the case to United States Magistrate Judge Hugh B. Scott for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Dkt 21. On November 7, 2019, Judge Scott issued a Report and Recommendation ("R&R") addressing BOA's motion regarding the proposed amended complaint (Dkt. 28) and Defendants' motions to dismiss BOA's pleading (Dkts. 20, 30).

For the reasons stated below, this Court modifies Judge Scott's conclusion on timeliness and otherwise accepts and adopts his recommendation to grant Defendant Holstein's motion to dismiss (Dkt. 30) the proposed amended complaint.

---

[1] This Court has subject matter jurisdiction pursuant to the parties' diversity of citizenship.  *See* 28 U.S.C. § 1332.
[2] This case was assigned to Judge Vilardo originally, who made the referral to Judge Scott.  On January 5, 2020, the case was reassigned to Judge Sinatra.

## BACKGROUND

This Court will summarize briefly the procedural history of this case as it relates to Judge Scott's R&R.  Otherwise this Court will assume the parties' familiarity with the facts and procedural history.

BOA filed the complaint on May 23, 2019.  Dkt. 1.  TemPay LLC answered on June 14, 2019.  Dkt 17.  TemPay, Inc., answered on July 12, 2019.  Dkt. 19.  On that same day, Defendant Larry Holstein moved to dismiss the original complaint.  Dkt. 20.  On August 2, 2019, BOA, instead of responding, filed an amended complaint.  Dkt. 23.  Judge Scott questioned the timeliness of this amendment as a matter of course and ordered briefing on the issue.  Dkt. 25.  Defendants filed responses (Dkt. 26, 27) while BOA moved for an order deeming the amended complaint timely or, alternatively, seeking leave to amend if Holstein's motion to dismiss the original complaint were granted.  Dkt. 28.  Holstein filed another motion to dismiss (Dkt. 30), this time seeking to dismiss the proposed amended complaint.  Judge Scott considered such a motion premature and, instead, deemed it a response to BOA's motion regarding the amended complaint.  Dkt. 32.  The parties completed briefing as of September 6, 2019.

In his R&R, Judge Scott concluded that BOA's proposed amended complaint (Dkt. 23) was not timely under Rule 15(a)(1) filed as a matter of course, and denied BOA motion (Dkt. 28) to accept it as timely.  Dkt. 35, at 23.  Judge Scott also denied BOA's alternative motion for leave to amend as futile and recommended granting Holstein's motion to dismiss the original complaint.  Dkt. 35, at 34.  If leave to

amend were granted, Judge Scott recommended granting Holstein's motion to dismiss (Dkt. 30) the amended complaint as proposed.  Dkt. 35, at 34.

BOA objected to the R&R on the following grounds: (1) the Court erred in concluding that the amended complaint was untimely and required leave of court or consent of defendants; (2) the Court erred in its conclusion that BOA failed to satisfy the second prong of the *Belvedere* test under Ohio law and failed to allege a fraudulent transfer against Holstein; and (3) Judge Scott did not use the proper standard for assessing BOA's amended complaint in recommending dismissal of the amended complaint as futile.  Dkt. 36, at 1, 6, 10.  Holstein filed a response to these objections (Dkt. 39), and BOA replied.  Dkt. 42.

## DISCUSSION

This Court has carefully reviewed the thorough R&R, the record in this case, the objections, and the materials submitted by the parties.  Based on a *de novo* review, the Court modifies Judge Scott's conclusion regarding the timeliness of the amended complaint but, in all other respects, accepts and adopts Judge Scott's recommendation to dismiss the claims against Holstein.

## I.   STANDARD OF REVIEW

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Thus, to the extent that a defendant is objecting to portions

of the R&R concerning dispositive matters, those portions are subject to *de novo*

review.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 71(b)(3).

Pursuant to the referral order of July 25, 2019 (Dkt. 21), Judge Scott was

authorized to issue decisions on non-dispositive matters as well as hear and report

on dispositive motions.  In his R&R, Judge Scott considered BOA's motions

regarding the amended complaint and Defendants' motions to dismiss either

complaint together, due to their intersection.  Dkt. 35, at 2.  As Judge Scott noted,

normally a motion for leave to amend is not dispositive and would be decided by a

magistrate judge in an order.  Dkt. 35, at 2; *see, e.g., Palmer v. Monroe Cnty. Sheriff*,

378 F. Supp. 3d 284, 288-89 (W.D.N.Y. 2005).  However, in similar circumstances

where denial of leave to amend is based on futility or is dispositive of a claim, courts

in this district and others have treated such denials as dispositive determinations

subject to a *de novo* standard of review upon objection.  *See Briggs v. County of*

*Monroe*, 215 F. Supp. 3d 213, 215 (W.D.N.Y. 2016) (reviewing the denial of leave to

amend because any amendment would not relate back and thus would be futile

under a *de novo* standard of review); *Ezeh v. McDonald*, No. 13-CV-6563, 2016 WL

1254012, at *4 n.3 (W.D.N.Y. Mar. 14, 2016) ("Because my findings and conclusions

regarding the futility of plaintiff's motion operate as a dispositive determination

that [proposed defendants] may not be joined as defendants in this case, my

determinations are made as part of a Report and Recommendation and not a

Decision and Order."), *report and recommendation adopted*, 2016 WL 1271513

(W.D.N.Y. Mar. 30, 2016); *Pusey v. Delta Airlines, Inc.*, No. 09-CV-4084 (ENV)(JO),

2011 WL 1215081, at *1 (E.D.N.Y. Mar. 20, 2011) ("A magistrate judge's denial of leave to amend, when premised on futility, is a dispositive decision warranting de novo review of any objection to it."); *HCC, Inc. v. R H & M Mach. Co.*, 39 F. Supp. 2d 317, 321 (S.D.N.Y. 1999) ("This Court is of the view that denial of leave to amend is a dispositive decision at least in situations where the denial is premised on futility."). Thus, to the extent that Judge Scott's determinations regarding the amended complaint were based on futility, and BOA objected to these determinations, this Court reviews them *de novo*.

Finally, review of non-dispositive matters is typically subject to the "contrary to law" or "clearly erroneous" standard under Rule 72(a); however, when these matters involve questions of law, some courts have found no practical difference between a contrary to law and *de novo* standard. *See In re Payment Card Interchange Fee and Merch. Disc. Antitrust Litig.*, No. 05-MD-1720 (MKB), 2018 WL 4158290, at * (E.D.N.Y. Aug. 30, 2018); *see also ICM Controls Corp., et al., v. Honeywell Int'l, Inc., et al.*, No. 5:12-CV-1766, 2019 WL 7631075, at *8 (N.D.N.Y. Dec. 3, 2019). Thus, to the extent that Judge Scott's conclusions regarding the timeliness of the amended complaint involve questions of law and BOA objected to these findings, this Court reviews them *de novo*.

## II.    TIMELINESS OF AMENDED COMPLAINT UNDER RULE 15

In response to Holstein's motion to dismiss, BOA filed an amended complaint, alleging new facts and changing allegations relating to its alter ego theory of liability against Holstein.  Dkt. 23.  BOA cited a number of cases to argue that when

5

multiple defendants are sued, a plaintiff has 21 days as to each defendant to amend as a matter of right.  Dkt. 28, at 9-10.  Under BOA's interpretation of Rule 15, the proposed amended complaint (filed on August 2, 2019) was timely because it was filed within 21 days of Holstein's motion to dismiss (filed July 12, 2019).

Judge Scott rejected this interpretation and concluded that BOA's filing of the amended complaint was untimely and, thus, required leave of the court or consent of Defendants.  Dkt. 35, at 23.  Judge Scott concluded that, under Rule 15, a plaintiff has one opportunity within 21 days of the first defense response in order to amend as a matter of course.  Dkt. 35, at 22.  Under this view, the clock for BOA's 21-day amendment period started with the initial answer of TemPay LLC, on June 14, 2019.  Dkt. 35, at 22.  Judge Scott accordingly determined BOA's amended complaint of August 2, 2019 was untimely and denied BOA's motion (Dkt. 28) to deem it timely as filed as a matter of course.  Dkt. 35, at 23.

Federal Rule of Civil Procedure 15 provides that a plaintiff may amend the complaint once as of right within 21 days of service of the complaint under Rule 15(a)(1)(A), or, under Rule 15(a)(1)(B), after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  *See* Fed. R. Civ. P. 15(a).

This Court disagrees with Judge Scott's interpretation of Rule 15.  Rather, the 21-day period embodied in Rule 15 for amendments "as of right" should be applied to each defendant separately.  This Court agrees with Judge Wolford's interpretation of Rule 15 set forth in *Nichols v. Livingston Cnty.*, No. 6:18-cv-06669

EAW, 2019 WL 3935998 (W.D.N.Y. Aug. 20, 2019): "when a plaintiff seeks to amend his or her complaint against multiple defendants, each defendant is treated separately under Rule 15 for purposes of amending as of right." *Id.* at \*4; *see also Isaacs v. Tr. of Dartmouth C.*, No. 17-CV-40-LM, 2017 WL 2881130, at \*1 (D.N.H. July 6, 2017) (collecting cases); *Cowan v. Miller*, No. 2:15-CV-12428, 2016 WL 4362868, at \*2 (E.D. Mich. Aug. 16, 2016) (collecting cases).

Here, BOA was entitled to file its amended complaint as of right as to Holstein within the 21 days after July 12, 2019 and, thus, the amended complaint is timely as to Holstein.

## III.   DISMISSAL OF CLAIMS AGAINST DEFENDANT HOLSTEIN

Although BOA's amended complaint (Dkt. 23) is timely, this Court nevertheless agrees with Judge Scott that BOA has not, and cannot, allege alter ego liability against Holstein given the secured transaction with Millennium.  Dkt. 35, at 34.   Thus, for the reasons discussed in the R&R, the Court accepts and adopts Judge Scott's analysis, and grants Holstein's motion (Dkt. 30) to dismiss the amended complaint.  As a result, the claims against Holstein are dismissed.

## **CONCLUSION**

For the reasons stated above, the Court modifies the R&R as to the timeliness of the proposed amended complaint (Dkt. 23).  Accordingly, BOA's motion, Dkt. 28, for an order deeming the amended complaint timely is GRANTED.  And for the reasons stated above and in the R&R, Holstein's motion, Dkt. 30, to dismiss the amended complaint is GRANTED.  The case is referred back to Judge Scott for further proceedings consistent with the referral order of July 25, 2019, Dkt. 21.


SO ORDERED.


Dated:          April 21, 2020
                 Buffalo, New York


                              s/ John L. Sinatra, Jr.
                              JOHN L. SINATRA, JR.
                              UNITED STATES DISTRICT JUDGE

8