**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**BANK OF AMERICA, N.A.,**

                      **Plaintiff,**

v.                                                       **19-CV-674-JLS**

**TEMPAY LLC,** *et al.*

                      **Defendants.**

## REPORT, RECOMMENDATION, AND ORDER

        This case was referred to the undersigned by the Hon. John L. Sinatra, Jr., pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. No. 21, 64. Plaintiff Bank of America, N.A. ("BOA") alleges that Defendants TemPay, Inc. ("TPINC") and Larry Holstein fraudulently conveyed assets to Defendant TemPay LLC ("TPLLC") to avoid paying monetary sanctions to which BOA became entitled during previous litigation between BOA and TPINC. Currently before the Court is TPLLC's Motion for Summary Judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.[1] Dkt. No. 62. BOA did not file an opposition to the motion. For the following reasons, it is recommended that TPLLC's Motion for Summary Judgment be GRANTED. In addition, the Court recommends that the claims against TPINC be dismissed *sua sponte*.

---

[1] In support of its Motion for Summary Judgment, TPLLC submitted a Memorandum in Support (Dkt. No. 62-9); a Statement of Undisputed Facts (Dkt. No. 62-1); the Declaration of Richard A. Grimm III, Esq. (Dkt. No. 62-2); the Complaint (Dkt. No. 62-3); TPLLC's Answer (Dkt. No. 62-4); the Affidavit of Edward P. Yankelunas (Dkt. No. 62-6); Magistrate Judge Scott's previous Report & Recommendation (Dkt. No. 62-7); and District Judge Sinatra's Order adopting in part said Report & Recommendation (Dkt. No. 62-8).

1

**FACTUAL BACKGROUND**

TPLLC alleges that BOA did not serve any initial disclosures or otherwise participate in discovery. Dkt. No. 62-1, ¶ 13. As a result, TPLLC's Statement of Undisputed Facts is mostly a summary of the procedural history of the case, rather than a list of relevant facts and evidence. See Dkt. No. 62-1. As discussed below, TPLLC is nonetheless entitled to summary judgment because the narrow, dispositive fact is unchallenged. See Dkt. No. 62-1, ¶ 15. Before addressing that issue, and to provide some additional context, the Court will recount BOA's allegations and the history of this litigation.

In June 2012, TPINC filed a lawsuit against BOA in Florida state court. Dkt. No. 1, ¶ 13. TPINC alleged that BOA had facilitated a fraud that TPINC had suffered at the hands of one of BOA's customers. Dkt. No. 1, ¶¶ 14, 15. On April 29, 2016, the trial court granted summary judgment in BOA's favor. Dkt. No. 1, ¶ 25. On May 29, 2016, BOA moved for sanctions and an award of attorney's fees, raising several grounds for such relief and generally arguing that TPINC's suit had been "entirely baseless." Dkt. No. 1, ¶¶ 16, 26-28. BOA claimed that it had incurred over $1 million in fees and costs during the litigation. Dkt. No. 1, ¶¶ 21, 51. On March 31, 2017, the trial court concluded that BOA was entitled to attorney's fees, in an amount to be determined after further discovery. Dkt. No. 1, ¶¶ 36, 44, 45. TPINC allegedly used various tactics to delay the case, such that the attorney's fees issues were still unresolved as of May 2019. See Dkt. No. 1, ¶¶ 53-61, 77.

Unbeknownst to BOA, while the parties were litigating BOA's sanctions motion, TPINC was in the process of transferring its assets to TPLLC. Specifically, on March 17, 2017, TPLLC was registered as a New York limited liability company. Dkt. No. 1, ¶ 39. BOA alleges that Holstein—the sole owner of TPINC—formed TPLLC "for the purpose of later secreting [TPINC's] assets in order to avoid liability." Dkt. No. 1, ¶ 82. On June 30, 2018, TPINC sold all of its assets to TPLLC. Dkt. No. 1, ¶ 64. When BOA learned of this in May 2019, it brought the present action against TPINC, TPLLC, and Holstein to set aside the transfers. *See* Dkt. No. 1. BOA raised three claims: (1) Fraudulent Transfer under New York Debtor & Creditor Law Section 273-a; (2) Fraudulent Transfer under Debtor & Creditor Law Section 276; and (3) Injunctive Relief against TPLLC and Holstein.[2] Dkt. No. 1 at 12-14. TPLLC and TPINC filed answers to the complaint, while Holstein moved to dismiss the claims under Rule 12(b)(6). *See* Dkt. Nos. 17, 19, 20.

In response, BOA filed an amended complaint. *See* Dkt. Nos. 23, 28. The amended complaint included new information about the transfer of TPINC's assets. As it turned out, on May 25, 2016—just days before BOA filed its motion for sanctions in the Florida litigation—TPINC entered into a loan agreement with Canfield Funding, LLC ("Canfield"), under which Canfield "agreed to make credit advances to [TPINC] secured by [TPINC's] assets and accounts receivable." Dkt. No. 23, ¶¶ 44, 86. Holstein agreed to personally guarantee the obligations that TPINC assumed under the loan agreement.

---

[2] It is unclear whether BOA intended to bring all three claims against all three defendants. For the sake of completeness, the Court will assume that BOA seeks to hold TPLLC and TPINC liable on all three claims.

3

Dkt. No. 23, ¶ 87.  "Soon after the [loan agreement] was entered into, [Canfield] discovered that [TPINC] was severely undercapitalized, was not generating a profit, and could not meet its liabilities."  Dkt. No. 23, ¶ 88.  It "threatened to cease funding [TPINC's] operations" and "exercise its rights against Holstein's personal guaranty."  *Id.*  "To avoid personal liability," Holstein "sought to orchestrate a sale of all of [TPINC's] assets to a newly formed entity, [TPLLC], that would be owned by" Canfield and Holstein.  As stated above, TPLLC was formed in March 2017, and Holstein became a minority owner of that entity.  Dkt. No. 23, ¶¶ 5, 89.  On June 8, 2018—after BOA's motion for sanctions was granted but while the attorney's fees issues remained pending—TPLLC entered into an agreement with Canfield to assume TPINC's debt under the loan agreement, and on June 30, TPINC sold all its assets to TPLLC and ceased operations.  Dkt. No. 23, ¶¶ 90, 91.

In the amended complaint, BOA nonetheless maintained that Holstein transferred TPINC's assets to TPLLC not only to resolve the dispute with Canfield, but also to "shield [TPINC's] and [his] assets from a judgment in favor of [BOA] that was forthcoming."  Dkt. No. 23, ¶ 89.  BOA's theory was that "Holstein used his domination and control over [TPINC] . . . to induce [Canfield] to extend credit that [TPINC] could not repay, to engage in vexatious litigation with [BOA] that would result in a judgment in favor of [BOA] that could not be recovered, and then to fraudulently transfer the entirety of [TPINC's] assets to [TPLLC] to avoid any personal liability for these debts."  Dkt. No. 23, ¶ 92.

The parties engaged in motion practice with respect to Holstein's motion to dismiss and BOA's amended complaint.[3] The Hon. Hugh B. Scott, then the magistrate judge assigned to the case, recommended that the claims against Holstein be dismissed. Dkt. No. 35. He noted that all of TPINC's assets had become encumbered by the secured transaction between Canfield and TPINC, which was executed on May 25, 2016. *Id.* at 29-31; *see also* Dkt. No. 34-2 at 1 (copy of UCC Financing Statement). Thus, by the time BOA moved for sanctions days later, TPINC's assets "were fully encumbered and thus could not satisfy [BOA's] ultimate judgment," regardless of "Holstein's alleged machinations." Dkt. No. 35 at 29. Without a sufficient interest in the assets, BOA could not sustain a claim against Holstein for fraudulent conveyance. *See id.* at 31 ("It was the secured loan that ultimately deprives plaintiff of recovery of its sanctions judgment; that act placed INC.'s assets beyond plaintiff's eventual judgment."). District Judge Sinatra adopted this conclusion and dismissed the claims against Holstein. Dkt. No. 44 at 7.

In its Rule 56 Statement, TPLLC asserts that this fact—that the Canfield transaction fully encumbered TPINC's assets before BOA had any interest therein—is also dispositive as to the claims against it. *See* Dkt. No. 62-1 at 2-4.

---

[3] One of the issues was whether, under Rule 15, BOA was permitted to file the amended complaint as of right or was required to obtain leave of court. *See* Dkt. No. 25. Based on Magistrate Judge Scott's Report & Recommendation and District Judge Sinatra's Order, it appears that, as to TPINC and TPLLC, the original complaint remained the operative pleading after motion practice. *See generally* Dkt. Nos. 35, 44. Regardless, because the claims and dispositive facts are the same under both pleadings, the issue is immaterial for purposes of the present motion.

## DISCUSSION AND ANALYSIS

**Summary Judgment Standard**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A factual dispute is material "only if it has some effect on the outcome of the suit." *Eagley v. State Farm Ins. Co.*, No. 13-CV-6653, 2015 WL 5714402, at *5 (W.D.N.Y. Sept. 29, 2015) (citation and quotation omitted). Moreover, a genuine issue exists as to a material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam), and *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir. 1989)).

Of significance here, BOA failed to file an opposing statement as required by Local Rule of Civil Procedure 56(a)(2), which states that "[t]he papers opposing a motion for summary judgment shall include a response to each numbered paragraph in the moving party's statement [of undisputed facts], in correspondingly numbered paragraphs and if necessary, additional paragraphs containing a short and concise statement of additional facts as to which it is contended there exists a genuine issue to be tried." Local R. Civ. Pro. W.D.N.Y. 56(a). In failing to oppose summary judgment,

BOA "has chosen the risky and imprudent path of relying solely on [TPLLC's] failure to meet its burden of production." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 247 (2d Cir. 2004).  BOA's failure to oppose the motion does not, however, absolve this Court of its duty to decide whether TPLLC is entitled to judgment as a matter of law.  *Id.* at 242, 247.

**New York Debtor & Creditor Law**

TPLLC moves for summary judgment on the same basis that Holstein obtained dismissal:  because "the [Canfield] debt was an antecedent secured debt and not a fraudulent transfer of assets from TPINC to TPLLC, Plaintiff has no basis to attach the assets of TPLLC and therefore no right to the relief requested."  Dkt. No. 62-9 at 10.  The Court agrees.

BOA relies on Sections 273-a and 276 of New York Debtor & Creditor Law[4] to set aside the transfer of TPINC's assets and for its other requested relief.  Dkt. No. 1 at 12-14; Dkt. No. 23 at 14-16.  Section 273-a provides:

> Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment.

N.Y. Debt. & Cred. Law § 273-a.  Section 276 reads:

---

[4] In December 2019, the New York legislature amended its fraudulent conveyance laws.  *See* Uniform Voidable Transactions Act, 2019 N.Y. Laws ch. 580 (A5622).  The amendments do not apply to transfers made before the passage of the Act, however.  Accordingly, the Court relies on the pre-amended versions of the cited statutes.

> Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

*Id.* § 276. A creditor who can satisfy either provision may bring an action to set aside the conveyance. *See id.* § 278(1)(a); *see also Neshewat v. Salem*, 365 F. Supp. 2d 508, 521 (S.D.N.Y. 2005).

Importantly, however, the purpose of "New York's fraudulent conveyance laws is to return properties to the status quo ante." *Kim v. Ji Sung Yoo*, 311 F. Supp. 3d 598, 621 (S.D.N.Y. 2018). "Generally, the creditor's remedy in a fraudulent conveyance action is limited to reaching the property which would have been available to satisfy the judgment had there been no conveyance." *Neshewat*, 365 F. Supp. 2d at 521 (internal quotation marks omitted). "Therefore, a complaining creditor must first plead and then demonstrate that it had an equity stake in the debtor's assets—that is, that some portion of the debtor's assets would have been available to satisfy the unsecured creditor's claims had there been no conveyance." *Chemtex, LLC v. St. Anthony Enters., Inc.*, 490 F. Supp. 2d 536, 542 (S.D.N.Y. 2007). "Absent any such equity in the assets conveyed, an unsecured creditor lacks standing to challenge the conveyance as fraudulent." *Id.*; *see also De Vos v. Lee*, No. 07-CV-804, 2010 WL 277070, at *2 (E.D.N.Y. Jan. 19, 2010) (collecting cases for the proposition that a "creditor may not maintain a fraudulent conveyance claim where the transferred property is encumbered by sufficient prior liens such that the creditor-plaintiff would not be entitled to reach any portion of the property if the conveyance were set aside").

Here, it is undisputed for purposes of this motion that Canfield was a prior, good faith secured creditor of all of TPINC's assets before BOA either requested sanctions or obtained a judgment against TPINC.[5]  *See* Dkt. No. 62-1 at 4.  Thus, consistent with the above authority and the prior orders in this case, because "the transferred property [was] encumbered by sufficient prior liens" that prevented BOA from reaching "any portion of the property," BOA "may not maintain a fraudulent conveyance claim" under New York law.  *De Vos*, 2010 WL 277070, at *2.  TPLLC is entitled to summary judgment on BOA's two claims brought under New York Debtor & Creditor Law.

**Injunctive Relief**

The Court turns to the third and final claim.  In both the original and amended complaints, BOA purported to bring a separate claim for "injunctive relief" against TPLLC.  *See* Dkt. No. 1 at 13-14; Dkt. No. 23 at 16.  That "claim" seeks interim relief in the form of the appointment of a receiver and an order prohibiting TPLLC from disposing of the property until BOA's claims against TPINC have "matured."  Dkt. No. 1, ¶¶ 95, 96.  Because BOA's substantive claims fail, there is no basis for such relief, and this claim should be dismissed.

---

[5] There are no facts before the Court to suggest that the secured transaction between Canfield and TPINC was itself a bad-faith ploy to hide TPINC's assets from BOA.  *See also* Dkt. No. 35 at 31-32 (noting that the "Amended Complaint does not allege that this secured transaction was wrongfully entered to defraud [BOA]").

9

**Claims against TPINC**

One final matter must be addressed.  TPINC has not moved for summary judgment, and the deadline for filing dispositive motions has passed.  Dkt. No. 61.  Nevertheless, given the critical, undisputed flaw in BOA's claims, the Court recommends that the claims against TPINC be dismissed *sua sponte*.  Under Rule 56(f), a court may, after "giving notice and a reasonable time to respond," grant summary judgment for a nonmovant.  Fed. R. Civ. P. 56(f)(1).  Similarly, a court may "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."  Fed. R. Civ. P. 56(f)(3).  Because the dispositive fact is clear and undisputed, and given that summary judgment would be warranted as to TPINC on the same basis as TPLLC, this device should be invoked here.

Accordingly, with this Report & Recommendation, the Court hereby gives notice to BOA that it is recommending that all of its claims against TPINC be dismissed *sua sponte* for the reasons set forth herein.  To the extent it opposes the Court's recommendation, it may object to this Report & Recommendation as set forth below.

**CONCLUSION**

For the foregoing reasons, the undersigned recommends that the Defendant TemPay LLC's Motion for Summary Judgment (Dkt. No. 62) be GRANTED IN ITS ENTIRETY.  In addition, the Court recommends that summary judgment be granted *sua sponte* in Defendant TemPay, Inc.'s favor on all of the claims against it, for the same reasons set forth herein with respect to TemPay LLC.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation, and Order in accordance with the above statute, Fed.R.Civ.P. 72(b)(2) and Local Rule 72.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72 of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection, and shall be supported by legal authority."  In accordance with the requirements set forth in Local Rule 72, "[a]ny party filing objections to a

Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge." **Failure to comply with the provisions of Local Rule 72 may result in the District Judge's refusal to consider the objection.**

        **SO ORDERED.**

DATED:    Buffalo, New York
              March 22, 2021

                          *s/ H. Kenneth Schroeder, Jr.*
                          **H. KENNETH SCHROEDER, JR.**
                          **United States Magistrate Judge**